**COLLEGE ENTRANCE BOOK CO., Inc., v. AMSCO BOOK CO., Inc.**

District Court, S. D. New York.

April 15, 1940.

Harry Weinberger, of New York City (Harold M. Weinberger, of New York City, of counsel), for plaintiff.

Philip Wittenberg, of New York City, for defendant.

GODDARD, District Judge.

The Bill of Complaint charges defendant with infringement of plaintiff's two copyrighted books. Both the plaintiff, College Entrance Book Company, Inc., and the defendant, Amsco Book Co., Inc., specialize in the publication of what are described as "cram" books for students preparing to take regents and local college examinations. College Entrance Book Company, Inc., publishes "High Points French Two Years" consisting of 124 pages, and "High Points French Three Years" of 163 pages. Amsco Book Co., Inc., publishes "French Two Years" consisting of 115 pages and "French Three Years" of 116 pages.

The University of the State of New York issues a syllabus which contains a list of some 1650 French words which second year students are required to be familiar with, and another list of about 800 words for the third year students. These lists, with the English translations, are included in the books of the plaintiff and in the books of the defendant and make up about ten or twenty per cent of the contents of the books, which also contain upwards of 100 pages of other material for the student. Aside from the lists the contents of plaintiff's and defendant's books are totally different; but the plaintiff claims that the defendant has copied its lists, English translations and French articles.

The defendant concedes that it adopted from "High Points Three Years" the French article prefixed to four French words and applied like articles to the same words in its Three Year book, but this is hardly more than a fair use of plaintiff's book and in any event cannot be regarded as a substantial copying of plaintiff's work. Plaintiff's lists contain words and translations which those of the defendant do not

contain, and defendant has words and translations not found in plaintiff's lists. Altogether there are upwards of ninety differences between the respective lists. The resemblances in the lists are no more than might reasonably be expected as each of the lists were prepared by teachers who for years have been associated with this City's high schools, and their translations of the words on the lists published regularly by the University of the State of New York naturally would tend to be quite similar.

Conclusively refuting, in my judgment, the contention that defendant copied plaintiff's lists, is the evidence submitted by the defendant, particularly the testimony of Mr. Louis Goodman, a teacher of languages in New York City high schools, who testified that he was engaged by the Amsco Book Co., Inc., to translate the complete list and was paid for it; that the translations were entirely his independent work aided only in some instances by dictionaries; also the testimony of Albert Beller, President of the Amsco Book Co., Inc., who said that he prepared the articles for the French words referring to various French dictionaries in some instances, and that with the exception of the four French articles mentioned above, nothing was taken from the plaintiff's lists.

The defendant may have decree dismissing the Bill of Complaint without costs.